**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, | Civil Action No.: 2:16-cv-09225 |
| Plaintiff, | |
| v. | **OPINION** |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ET AL., | |
| Defendants. | |

**CECCHI, District Judge.**

### I.      INTRODUCTION

This matter comes before the Court on the motion of Educational Credit Management Corporation ("Defendant") to dismiss Plaintiff William F. Kaetz's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 10). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendant's Motion to Dismiss is granted.

### II.     BACKGROUND

On August 7, 2012, Plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.[1]

---

[1] Plaintiff does not include as an attachment to his Complaint a copy of his voluntary petition. On a motion to dismiss, however, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, Plaintiff's

(ECF No. 10-1 at 8).  As part of Plaintiff's voluntary petition, Plaintiff listed Defendant as a creditor holding an unsecured non-priority claim in the amount of $15,835.00, incurred in July 2010.  (*Id.* at 24).  On January 28, 2013, the Honorable Morris Stern, United States Bankruptcy Judge, granted Plaintiff "a discharge under section 727 of title 11, United States Code."  (*Id.* at 36).   Included with Plaintiff's discharge was an "EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE," which states: "[m]ost, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed . . . . Some of the common types of debts which are *not* discharged in a [C]hapter 7 bankruptcy case are: . . . Debts for most student loans."  (*Id.* at 37).

On December 13, 2016, Plaintiff filed his Complaint with this Court, contending that, despite the discharge he received on January 28, 2013, Defendant "continued to collect a discharged debt" and "furnished fraudulent information to the other defendants[:] Experian, TransUnion, and Equifax."  (ECF No. 1 at 3).  On January 25, 2017, Defendant filed its Motion to Dismiss.[2]  (ECF No. 10).  Defendant argues that Plaintiff fails to state a claim upon which relief may be granted because: (1) Plaintiff's debts are student loans, governed by 11 U.S.C. § 523(a)(8), and therefore were not automatically discharged on January 28, 2013; and (2) Defendant "is required by statute to report certain information to consumer reporting agencies," and the information Defendant furnished was entirely accurate.  (ECF No. 11 at 6-7).

On March 10, 2017, Plaintiff filed an opposition.  (ECF No. 17).  Although Plaintiff's opposition was untimely filed, as Plaintiff is *pro se*, the Court will still consider Plaintiff's opposition.  On March 22, 2017, Defendant filed a reply, (ECF No. 21), and on April 12, 2017,

Complaint explicitly relies on his voluntary petition, which Plaintiff argues "discharg[ed] all debts that included debts managed by [Defendant]." (ECF No. 1 at 3).  As such, this Court will properly consider Plaintiff's voluntary petition with Defendant's Motion to Dismiss.
[2] Experian, TransUnion, and Equifax, the remaining three defendants in this case, did not join Defendant's Motion to Dismiss.

2

Plaintiff filed a sur-reply.  (ECF No. 25).  Although the Court did not grant permission to Plaintiff to file a sur-reply, the Court will consider Plaintiff's submission.

## III.   LEGAL STANDARD

### A.   Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Furthermore, "[a] pleading that offers 'labels and conclusions' . . . will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

### B.   Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned the law by name. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).  A *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21); *see also Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV.   DISCUSSION

### A.   Fair Debt Collection Practices Act

Plaintiff purports to bring a claim under the Fair Debt Collection Practices Act ("FDCPA"), arising from Defendant "attempting to collect federally discharged debts" in violation of the FDCPA. (ECF No. 1 at 3). Defendant has filed a Motion to Dismiss, (ECF No. 10), on the ground that Plaintiff's student loans were not discharged in Plaintiff's Chapter 7 bankruptcy proceedings, and therefore, Plaintiff fails to state a claim upon which relief may be granted.

### 1.   Discharged Debts and Exceptions to Discharge

The provision of the Bankruptcy Code governing discharge of student loans reads:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for . . . an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or . . . an obligation to repay funds received as an educational benefit, scholarship, or stipend; or . . . any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523(a)(8).

Here, Plaintiff does not argue that his debts to Defendant are anything other than "educational . . . loan[s] made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." *See id.* Rather, Plaintiff contends:

> [T]he alleged loans are claimed to be "student [l]oans" that were originated by Kaplan Online University and a few years ago Kaplan was found guilty of fraud with other Online University scams . . . . [T]his fraud challenges the authenticity of the loans and their alleged exempt from discharge status.

(ECF No. 25 at 4).   Nonetheless, Plaintiff provides no evidence that: (1) Kaplan Online University originated Plaintiff's loans;[3] (2) Kaplan Online University was found guilty of fraud with other "Online University scams;" or (3) such alleged fraud had any relation to the origination of Plaintiff's loans.  Further, 11 U.S.C. § 523(a)(8) provides no provision excepting from the discharge exemption student loans originated by a company that has at some time, for some reason, been found guilty of fraud.  As such, Plaintiff's obligations are presumptively nondischargeable pursuant to 11 U.S.C. § 523(a)(8).  *See In re Sperazza*, 366 B.R. 397, 407 (Bankr. E.D. Pa. 2007) (noting that neither party suggested plaintiff's debts to Education Credit Management Corporation, the same defendant here, were anything other than educational loans and therefore "the obligations [were] presumptively nondischargeable"); *see also In re Jones*, 392 B.R. 116, 124-25 (Bankr. E.D. Pa. 2008) (same).

### 2.   Undue Hardship Exception

Although student loans are presumptively nondischargeable, Plaintiff contends that his debts were discharged because the Bankruptcy Code has a "hardship exception."  (ECF No. 25 at 4).   Plaintiff provides a number of reasons why the hardship exception applies.  (*Id.* at 5). Plaintiff maintains that it was Defendant's burden "to timely file an action to have [Plaintiff's] debts declared nondischargeable" because "[t]here is no requirement for an adversary hearing to determine debts alleged to be under 11 USC § 523[a](8)."  (*Id.* at 6).

United States "Code § 523(a)(8) is not self-effectuating.  Rather, it requires the debtor to bring an adversary proceeding to determine whether a student loan debt is dischargeable under that provision, or to plead and prove dischargeability under this section as an affirmative defense in an action brought by the creditor in state court."  *In re Kahl*, 240 B.R. 524, 530 (Bankr. E.D.

---

[3] Rather, it appears Plaintiff's loans were originated by Citibank ELT Student Loan Corp. and guaranteed by Defendant's predecessor-in-interest, California Student Aid Commission.  (ECF No. 10-1 at 2, 5-7).

Pa. 1999); *see also In re Miller*, No. 06-1082, 2006 WL 2361819, at *3 (Bankr. W.D. Pa. Aug. 14, 2006) ("[Debtor] did not commence an adversary proceeding to determine whether her educational loans were dischargeable prior to the issuance of discharge and closing of the case on September 18, 2003 and accordingly, [Debtor's] original loans were not discharged in the bankruptcy case."). "In its present iteration, student loan debts are not dischargeable in bankruptcy absent a showing of 'undue hardship' within meaning of that provision." *In re Kahl*, 240 B.R. at 529 n.7.

Although Plaintiff maintains that Defendant "must show that the plaintiff had wealth and a residual wealth to be able to pay without undue hardship," (ECF No. 25 at 11), the law says otherwise.  Having failed to bring an adversary proceeding against Defendant to determine whether Plaintiff was entitled to a discharge of his student loan debts for "undue hardship," Plaintiff's debts were never discharged.  As such, Plaintiff has failed to articulate any facts entitling him to relief for a violation of the FDCPA,[4] and the Court will dismiss Plaintiff's claim.

### B.     Fair Credit Reporting Act

Plaintiff also purports to bring a claim under the Fair Credit Reporting Act ("FCRA"), arising from Defendant providing Experian, TransUnion, and Equifax with "fraudulent information" regarding Plaintiff's debts. (ECF No. 1 at 3).  Defendant counters that Plaintiff cannot prevail on this claim because the disputed information was accurate and Defendant is required to disclose such information by law. (ECF No. 11 at 7 (citing 20 U.S.C. § 1080a(a); 34 C.F.R. § 682.410(b)(5))).

"The FCRA was enacted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that use accurate information."

---

[4] For the same reasons that the Court finds Plaintiff has failed to state a claim for any FDCPA violation, the Court also finds Plaintiff has failed to state a claim for any violation of Plaintiff's bankruptcy order.

*Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-2963, 2017 WL

2691170, at *2 (3d Cir. June 22, 2017).

> Under [the] FCRA, [credit reporting agencies ("CRAs")] collect consumer credit
> data from "furnishers," such as banks and other lenders, and organize that
> material into individualized credit reports, which are used by commercial entities
> to assess a particular consumer's creditworthiness.   [The] FCRA imposes a
> variety of obligations on both furnishers and CRAs.

*Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

As a furnisher of information, Defendant's actions are governed by 15 U.S.C. § 1681s-2,

though a private right of action only arises under 15 U.S.C. § 1681s-2(b).  *See Harris*, 2017 WL

2691170, at *2-3.  In order to sufficiently plead a violation of 15 U.S.C. § 1681s-2(b), a plaintiff

must allege "(1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that

the credit reporting agency notified the party who furnished the information under § 1681i(a)(2),

and (3) that the party who furnished the information failed to investigate or rectify the disputed

charge[]."  *Taggart v. Nw. Mortg., Inc.*, No. 09-1281, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11,

2010), *aff'd*, 539 F. App'x 42 (3d Cir. 2013).

Here, although Plaintiff's Complaint alleges that "Plaintiff contacted [the credit reporting

agencies and Defendant] multiple times explaining that the debts [were] discharged via

[b]ankruptcy," (ECF No. 1 at 3), Plaintiff does not allege that *the credit reporting agencies*

*notified Defendant* of the dispute, or that Defendant failed to undertake a reasonable and timely

investigation.  For this reason, Plaintiff's Complaint should be dismissed.[5]  *See Berkery v.*

---

[5] The Court notes that even if Plaintiff repleads the legal elements of his FCRA claim, under the
same facts, Plaintiff's argument will likely fail. 15 U.S.C. § 1681s-2(b) "provides consumers a
cause of action against 'furnishers of information' that receive notice of disputed information on
a credit report from a CRA but 'fail[] to investigate that dispute' *and continue to provide*
*'inaccurate information after receiving notice[.]'*" *Obarski v. United Collection Bureau, Inc.*,
No. 12-07788, 2013 WL 5937412, at *2 (D.N.J. Nov. 4, 2013) (alteration in original) (emphasis
added) (citations omitted). By failing to bring an adversary proceeding against Defendant for a
determination of whether Plaintiff was entitled to an undue hardship discharge, Plaintiff's

*Verizon Commc'ns, Inc.*, No. 15-1085, 2015 WL 6599694, at *4 (E.D. Pa. Oct. 29, 2015), *aff'd*, 658 F. App'x 172 (3d Cir. 2016) ("[Plaintiff] fails to allege that a credit reporting agency notified [defendant], as the furnisher of information here, of the dispute, and [defendant] subsequently failed to undertake a reasonable and timely investigation.  Therefore, [plaintiff's] FCRA claim does not state a plausible claim for relief as currently pleaded."); *see also Taggart*, 2010 WL 114946, at *10 (dismissing plaintiff's complaint for failing to "specifically plead that he contacted a credit reporting agency to notify it of the dispute"); *King v. Glob. Credit Network*, No. 13-960, 2014 WL 2571554, at *5-6 (D.N.J. June 9, 2014) (same).

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.  If Plaintiff wishes, he may file an amended complaint within thirty (30) days of the date of this Opinion.  However, Plaintiff is cautioned to examine the requirements of the Bankruptcy Code and the Fair Credit Reporting Act before filing an amended pleading.  An appropriate order follows this opinion.

DATED: September 11, 2017

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

student loans were not discharged during bankruptcy.  As such, the information provided by Defendant was likely accurate and would fail to give rise to an FCRA violation. *See id.* (dismissing with prejudice plaintiff's claim, finding amendment would be futile when information furnished was "for a permissible purpose" and "entirely accurate").