NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, | Civil Action No.: 2:16-cv-09225 |
| Plaintiff, | **ORDER** |
| v. | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

WHEREAS on September 11, 2017, the Court granted Defendant Educational Credit Management Corporation's motion to dismiss. (ECF No. 36); and

WHEREAS on September 20, 2017, Plaintiff William F. Kaetz ("Plaintiff") filed a motion for clarification and for an extension of time to amend his complaint, (ECF No. 37), which the Court granted on October 3, 2017. (ECF No. 39); and

WHEREAS on October 12, 2017, Plaintiff filed an amended complaint, (ECF No. 41), and on October 23, 2017, Plaintiff filed a motion to reopen. (ECF No. 46); and

WHEREAS on October 23, 2017, Plaintiff filed a motion for default judgment as to TransUnion for failing to respond to: (1) Plaintiff's motion for sanctions, (ECF No. 30); (2) Plaintiff's motion to reconsider and reinstate default judgment against Defendant TransUnion, (ECF No. 31); and (3) Plaintiff's motion to deny Defendant TransUnion's attorney from withdrawing, (ECF No. 34). (ECF No. 47); and

WHEREAS on May 15, 2017, the Clerk of Court noted that the entry of default filed by the Clerk's Office on March 13, 2017, as to Defendant TransUnion was docketed in error

because Plaintiff did not properly serve Defendant TransUnion; and

WHEREAS Plaintiff has not provided proof of service as to Defendant TransUnion; and

WHEREAS Defendant TransUnion's attorney, William R. Brown, entered a limited appearance on March 16, 2017, which he withdrew on June 5, 2017, to address the proof of service issue. (ECF Nos. 19, 32); and

WHEREAS on October 23, 2017, Plaintiff filed a request to amend Plaintiff's amended complaint, (ECF No. 48), and filed additional submissions thereto. (ECF Nos. 49, 50).

Accordingly, IT IS on this 9 day of November, 2017, in the interest for justice and good cause shown:

**ORDERED** that Plaintiff's motion to reopen, (ECF No. 46), is hereby **GRANTED**; it is further

**ORDERED** that the Clerk of Court shall **REOPEN** this matter by making a new and separate docket entry reading "**CIVIL CASE REOPENED**;" it is further

**ORDERED** that because Plaintiff has not provided proof of service as to Defendant TransUnion, whose attorney entered a limited appearance, which was thereafter withdrawn, to address the proof of service issue, Plaintiff's motion for sanctions, (ECF No. 30), motion to reconsider and reinstate default judgment against Defendant TransUnion, (ECF No. 31), motion to deny Defendant TransUnion's attorney from withdrawing, (ECF No. 34), and motion for default judgment as to Defendant TransUnion, (ECF No. 47), are hereby **DENIED**; it is further

**ORDERED** that Plaintiff's request to amend Plaintiff's amended complaint, (ECF No. 48), is hereby **GRANTED**; it is further

**ORDERED** that Plaintiff is granted (30) days from the date of this Order to file a second amended complaint, **which will supersede and replace Plaintiff's Complaint, (ECF No. 1),**

2

and Amended Complaint (ECF No. 41), and thus must contain all of Plaintiff's factual allegations. Plaintiff shall include all of his factual allegations in this submission, including factual allegations he made in other motion papers, letters, or other filings. Plaintiff may not incorporate his other filings by reference. Any factual allegations included in a supplemental motion paper, letter, or other filing will not be considered to be a part of Plaintiff's second amended complaint; it is further

**ORDERED** that, the pending motions to dismiss are **ADMINISTRATIVELY TERMINATED** as moot (ECF Nos. 42, 44); it is further

**ORDERED** that Defendants shall respond to Plaintiff's second amended complaint in accordance with the Federal Rules of Civil Procedure, including by refiling their motions to dismiss; it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this case until Plaintiff complies with this Order; and it is further

**ORDERED** that the Clerk of Court shall serve this Order on Plaintiff by regular mail and shall **CLOSE** the file.

**SO ORDERED.**

CLAIRE C. CECCHI, U.S.D.J.