NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ,<br><br>    Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 2:16-cv-09225<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.  INTRODUCTION

This matter comes before the Court on the motion of Educational Credit Management Corporation ("Defendant ECMC") to dismiss Plaintiff William F. Kaetz's ("Plaintiff") Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 58) and Equifax Information Services LLC ("Defendant Equifax") and Experian Information Solutions Inc.'s ("Defendant Experian") joint motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 59). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendants' Motion to Dismiss is granted.

## II.  BACKGROUND

In September 2007, Plaintiff signed a Master Promissory Note requesting student aid under the Federal Family Education Loan Program ("FFEL Program"). ECF No. 59-1 at 2. When Plaintiff failed to honor his repayment obligations under the Note, the loans went into default and the initial loan provider, Citibank, filed a default claim. Id. Thereafter, Defendant

ECMC assumed all responsibilities as the designated guaranty agency for Plaintiff's defaulted loans. Id. Defendant ECMC is a not-for-profit corporation created under the direction of the U.S. Department of Education "to provide specialized guarantor service pursuant to [FFEL Program], including accepting transfer of title of certain student loan accounts on which the student loan borrower has filed a bankruptcy proceeding." Id.

On August 7, 2012, Plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.[1] ECF No. 57 at 2-3. Plaintiff listed Defendant ECMC as a creditor holding an unsecured non-priority claim in the amount of $15,835.00, incurred in July 2010. Id. at 3. On January 28, 2013, the Honorable Morris Stern, United States Bankruptcy Judge, granted Plaintiff "a discharge under section 727 of title 11, United States Code." Id. Under 11 U.S.C. § 523(a)(8), educational benefits or loans are exempt from discharge under section 727, unless "exempting such debt from discharge under this paragraph would impose an undue hardship on the debtor." 11 U.S.C. § 523(a)(8).

On December 13, 2016, Plaintiff filed his Complaint with this Court, contending that, despite the discharge he received on January 28, 2013, Defendant ECMC "continued debt collection practices" and "furnished fraudulent information to the other defendants[:] Experian,

---

[1] Plaintiff does not include as an attachment to his Complaint a copy of his voluntary petition. On a motion to dismiss, however, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, Plaintiff's Complaint explicitly relies on his voluntary petition, which Plaintiff argues "discharg[ed] all debts that included debts managed by [Defendant]." (ECF No. 1 at 3). As such, this Court will properly consider Plaintiff's voluntary petition with Defendant's Motion to Dismiss.

TransUnion, and Equifax." ECF No. 1 at 3. On January 25, 2017, Defendant ECMC filed its First Motion to Dismiss.[2] ECF No. 10. In that motion, Defendant ECMC argued that Plaintiff failed to state a claim upon which relief may be granted because: (1) Plaintiff's debts are student loans, governed by 11 U.S.C. § 523(a)(8), and therefore were not automatically discharged on January 28, 2013; and (2) Defendant "is required by statute to report certain information to consumer reporting agencies," and the information Defendant furnished was entirely accurate. ECF No. 11 at 6-7. After considering the parties' submissions (ECF Nos. 17, 21, 25), the Court granted Defendant ECMC's First Motion to Dismiss Plaintiff's Complaint without prejudice. ECF No. 35.

Thereafter, Plaintiff filed an Amended Complaint on October 12, 2017. ECF No. 41. On October 23, 2017, Plaintiff requested leave to amend his Amended Complaint (ECF No. 48), which the Court granted (EFC No. 54). Plaintiff subsequently filed a Second Amended Complaint. ECF No. 57. Defendant Equifax and Defendant Experian jointly moved to dismiss Plaintiff's Second Amended Complaint. ECF No. 58. Defendant ECMC also moved to dismiss Plaintiff's Second Amended Complaint. ECF No. 59. Plaintiff opposes the instant motions. ECF Nos. 63, 64). Defendants Equifax and Experian replied to Plaintiff's opposition. ECF No. 67.

## III. LEGAL STANDARD

### A. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] Experian, TransUnion, and Equifax, the remaining three defendants in this case, did not join Defendant's First Motion to Dismiss.

3

570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21); *see also Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV. **DISCUSSION**

Plaintiff brings seven causes of action in his Second Amended Complaint: (1) Violation of the Tenth Amendment of the U.S. Constitution as to Defendant ECMC, (2) Facial Challenge to the Legitimacy of Alleged Student Loans under the Tenth Amendment as to Defendant ECMC, (3) Facial Challenge to 11 U.S.C. § 523 (a)(8), (4) As Applied Challenge to 11 U.S.C. § 523 (a)(8), (5) Violation of the Fair Debt Collection Practices Act as to Defendant ECMC, Defendant Equifax, and Defendant Experian (collectively "Defendants"), (6) Violation of the Fair Credit Reporting Act as to Defendants, and (7) Civil Contempt of Order for United States Bankruptcy Court. ECF No. 57 at 1-2. Defendant ECMC asserts that Plaintiff's Second Amended Complaint fails to state a cause of action because Plaintiff's federal student loans with ECMC were not discharged in his bankruptcy case and accordingly any acts taken by Defendants

4

to collect the debt were legitimate. ECF No. 59-2 at 5. Defendants Equifax and Experian argue that "the only cause of action even potentially applicable to a consumer reporting agency such as Equifax and Experian is the sixth cause of action alleging a violation of FCRA" and further asserts that Plaintiff's FCRA claim fails as a matter of law because Plaintiff is unable to prove the inaccuracy of the information. ECF No. 58 at 3, 9-10. For the reasons set forth below, Defendants' motions to dismiss Plaintiff's Second Amended Complaint are granted.

### A. Tenth Amendment

Plaintiff claims in Counts 1 and 2 that the existence of both the Federal Department of Education and Defendant ECMC, an entity created under the direction of the U.S. Department of Education, are unconstitutional under the Tenth Amendment because "[n]owhere in the Constitution is the federal government delegated the power to regulate or fund elementary or secondary education." ECF No. 57 at 6. According to Plaintiff, his student loans issued by Defendant ECMC pursuant to the federal government's FFEL Program are also unconstitutional under the Tenth Amendment because they are based on illegal practices. Id. at 7.[3]

Plaintiff's Tenth Amendment arguments concerning the existence of the Department of Education and Defendant ECMC fail because the U.S. Constitution gives the Federal Government the power to create departments to oversee matters that affect the general welfare of U.S. citizens. U.S. Const. Art. 2. Additionally, Congress has the authority to employ federal funding for education programs, such as the FFEL Program that was created under the Higher Education Act of 1965 to address the need for financial assistance of students seeking higher education. 20 U.S.C. § 1071. Therefore, any arguments that Plaintiff's student loans were issued in violation of the Tenth Amendment are misplaced.

---

[3] The Court notes that Plaintiff's student loans were issued by Citibank ELT Student Loan Corp. ("Citibank"), which is not part of the federal government.

5

## B.     11 U.S.C. 523 § (a)(8)

Plaintiff next challenges the constitutionality of 11 U.S.C. 523 § (a)(8), which provides exceptions to bankruptcy discharge. ECF No. 57 at 8-13. In the relevant bankruptcy proceedings, Plaintiff was granted a discharge under section 727 of title 11, United States Code. Id. at 2-3. A discharge of debt under section 727 does not discharge any debt "for an obligation to repay funds received as an education benefit" unless "excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor." 11 U.S.C. 523 § (a)(8). The debts at issue here are educational loans. ECF No. 57 at 2-3. Under section 523(a)(8), student loan debt is "presumptively nondischargable 'unless' a determination of undue hardship is made." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); see also *In re Sperazza*, 366 B.R. 397, 407 (Bankr. E.D. Pa. 2007) (noting that neither party suggested plaintiff's debts to Education Credit Management Corporation, the same defendant here, were anything other than educational loans and therefore "the obligations [were] presumptively nondischargeable"); *In re Jones*, 392 B.R. 116, 124-25 (Bankr. E.D. Pa. 2008) (same). The Bankruptcy Rules "require a party seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint on affected creditors." *Espinosa*, 559 U.S. 260; see also *In re Miller*, No. 06-1082, 2006 WL 2361819, at *3 (Bankr. W.D. Pa. Aug. 14, 2006); *In re Kahl*, 240 B.R. 524, 530 (Bankr. E.D. Pa. 1999).

Plaintiff argues that the statute is unconstitutional both on its face and as applied because it is vague and therefore violates Plaintiff's due process rights. ECF No. 57 at 8-13. However, Plaintiff also writes in his Second Amended Complaint that "[t]he Statute is fine" and that "[t]he law is not that ambiguous and it does not need interpretation." Id. at 8, 11. Plaintiff seemingly contends that the statute itself is not unconstitutional but rather that "the vagueness

6

doctrine…also should apply to the techniques courts use to decide on legal definitions and requirements." *See* id. at 9-11 ("The Statute is fine, its relying on courts and opponents to do what's right does not work."). From these statements in the Second Amended Complaint and Plaintiff's brief in opposition, the Court discerns that Plaintiff is challenging how this section of the Bankruptcy Code, 11 U.S.C. § 523 (a)(8), was implemented in his case. The Court finds that, based on Plaintiff's allegations and a review of the underlying bankruptcy order, the statute was properly applied in Plaintiff's proceedings.

Plaintiff contends that his student loan debts were automatically discharged under the undue hardship exception because "11 U.S.C. 523 (a)(8) is neutral and self-executing to creditors and debtors meaning immediately effective without further action, legislation or legal steps, no other process required." ECF No. 57 at 9. As stated above, however, an individual seeking discharge under the undue hardship exception must commence an adversary proceeding in Bankruptcy Court to determine whether his student loan debts were eligible to be discharged. Here, because Plaintiff does not allege that he commenced an adversary proceeding to determine whether his student loans were dischargeable, Plaintiff's debts were not discharged through the bankruptcy proceedings. Accordingly, Plaintiff's claims fail.

### C. Fair Debt Collection Practices Act

Next, Plaintiff purports to bring a claim under the Fair Debt Collection Practices Act ("FDCPA"), alleging that Defendants "used unfair or unconscionable means to collect or attempt to collect a fraudulent debt" and "engaged in conduct to harass, oppress, intimidate and abuse the plaintiff" in violation of the FDCPA. ECF No. 57 at 14. Defendants Experian and Equifax argue that the FDCPA is inapplicable to consumer reporting agencies like Experian and Equifax because FDCPA was enacted to eliminate abusive debt collection practices by *debt collectors*,

*see* 15 U.S.C. § 1692 et. seq., not by consumer reporting agencies. ECF No. 67 at 3-4. Defendant ECMC does not argue about the FDCPA's applicability but instead asserts that Plaintiff's student loans were not discharged in Plaintiff's Chapter 7 bankruptcy proceedings, and therefore, Plaintiff fails to state a claim upon which relief may be granted. ECF No. 59-2 at 4.

First, as to Defendants Experian and Equifax, the Court finds that Plaintiff has failed to plead sufficient facts to show that Experian and Equifax engaged in debt collection under the FDCPA. The goal of the FDCPA is to control the collection practices of debt collectors. 15 U.S.C. § 1692k; *Brown v. Card Service Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) ("[T]he [FDCPA] provides consumers with a private cause of action against debt collectors who fail to comply with the Act."). A debt collector is defined under the act as any business with the principal purpose of collecting debts, or who regularly collects or attempts to collect debts owed to another. 15 U.S.C. § 1692(a)(6). As Plaintiff does not allege that Defendants Experian and Equifax regularly collect debt or engage in debt collection, the statute does not apply. Moreover, even if the statute did apply to these Defendants, Plaintiff does not allege that Defendants Experian and Equifax attempted to collect any debt from him, much less that Defendants Experian and Equifax engaged in any harassment or abuse in connection with the collection of Plaintiff's debt, such as the threat of violence or profane language, or the use of false, deceptive, or misleading statements. Accordingly, Plaintiff has not plead sufficient facts to support his FDCPA claims against Defendants Experian and Equifax.

Plaintiff further contends that Defendant ECMC violated the FDCPA by attempting to collect Plaintiff's debt after the January 2013 Bankruptcy Court Order that, according to Plaintiff, discharged his student loan debt. ECF No. 57 at 3. Specifically, Plaintiff states that

Defendant ECMC contacted Plaintiff with "phone calls, letters and credit reporting for each account that became ruthless harassment debt collection activities" and further contends that Defendant ECMC "represented the law fraudulently." Id. at 3-4. According to Plaintiff, Defendant violated multiple sections of the FDCPA, namely sections 1672d, 1692e, 1692f and 1692g. The Court addresses Plaintiff's arguments as to each section of the FDCPA below.

First, under 15 U.S.C. § 1692d, a debt collector may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Such conduct includes in relevant part (1)"[t]he use or threat of use of violence," (2)"[t]he use of obscene or profane language," (3)"[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency," (4)"[t]he advertisement for sale of any debt to coerce payment," (5)"[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously," and (6)"the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d. To state a claim pursuant to § 1692d(5), a plaintiff must allege not only that the debt collector contacted him by telephone repeatedly or continuously but also that he did so with intent to annoy, abuse or harass him. *Corson v. Accounts Receivable Management, Inc.*, 2013 WL 4047577, at *6 (D.N.J. Aug. 9, 2013).

According to Plaintiff, Defendant ECMC made telephone calls and sent letters to Plaintiff that "became ruthless harassment" in violation of the FDCPA. ECF No. 57 at 3. However, Plaintiff does not provide facts to support this assertion. Plaintiff does not allege how many phone calls or letters he received, nor does he allege over what time period this occurred. *Cf. Shand-Pistilli v. Prof'l Account Servs., Inc.*, 2010 WL 2978029, at *4 (E.D.Pa. July 26, 2010) (analyzing the number and pattern of phone calls to ascertain whether plaintiff stated a sufficient

9

claim under section 1692d). As such, the Court cannot discern from Plaintiff's allegations whether Defendants called repeatedly or continuously or whether this was done with the intent to harass, oppress or abuse Plaintiff. Thus, the Court finds that Plaintiff has not sufficiently pled a violation of 15 U.S.C. § 1692d.

Second, Plaintiff's arguments pursuant to 15 U.S.C. § 1692e fail because this section requires that the debt collector make false or misleading representations. 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). Here, as discussed above, Plaintiff's student loan debts were not discharged through the related bankruptcy proceedings and therefore attempts to collect this debt are not in and of themselves false, deceptive, or misleading. Absent any allegations that Defendant ECMC falsely represented the amount or character of the debt, Plaintiff has failed to plead sufficient facts to support a violation of § 1692e.

Third, a debt collector is also prohibited from utilizing "unfair or unconscionable means to collect or attempt to collect any debt" under 15 U.S.C. § 1692f. While Plaintiff alleges that "Defendants used unfair or unconscionable means to collect or attempt to collect a fraudulent debt" (ECF No. 57 at 14), this conclusory statement is insufficient to support Plaintiff's claim as there are no specific facts to support this assertion.

Finally, Plaintiff alleges that Defendant ECMC acted in violation of 15 U.S.C. § 1692g, which governs the procedures for disputing and validating debts. According to this subsection, if a consumer notifies a debt collector in writing within a thirty-day period that the debt is disputed, the debt collector must obtain verification of the debt or a copy of the judgment and mail this verification to the consumer. 15 U.S.C. § 1692g(a). Plaintiff argues that the debts were not validated after he contacted Defendants to dispute the debt, as prohibited under the FDCPA.

ECF No. 57 at 4, 14. Defendant ECMC counters that Plaintiff's claim is baseless because Plaintiff's loans remained due according to the Bankruptcy Court decision and therefore, Defendant ECMC acted in accordance with the statutory requirements and its fiduciary obligations in reporting this outstanding debt. ECF No. 59-1 at 3 (citing 20 U.S.C. §1080a; 34 C.F.R. § 682.410(b)(5)). Plaintiff acknowledges that Defendant ECMC responded to Plaintiff's attempts to dispute the debt but asserts that their response "represented the law fraudulently" and "furnished inaccurate information." ECF No. 57 at 4. Because the Bankruptcy Court order accurately verified that Plaintiff's educational loan debt remained outstanding, the Court finds that Plaintiff has failed to plead sufficient facts to support his claim that Defendant ECMC violated 15 U.S.C. § 1692g.

As such, Plaintiff has failed to articulate any facts entitling him to relief for a violation of the FDCPA and the Court will dismiss Plaintiff's claim.

### D. Fair Credit Reporting Act

Plaintiff also purports to bring a claim under two different subsections of the Fair Credit Reporting Act ("FCRA"). Plaintiff asserts that Defendants acted in violation 15 U.S.C. § 1681s-2(a)(1)(A) & (B), which prohibits the furnishing of inaccurate information, by publishing false information about the alleged student loans on Plaintiff's credit report. ECF No. 57 at 4-5, 15. Additionally, Plaintiff argues that Defendants are liable under 15 U.S.C. § 1681e(b) of FCRA because they negligently and willfully failed "to ensure the maximum level of accuracy in reporting consumer-credit information." ECF No. 57 at 15. Defendants counter that Plaintiff cannot prevail under either subsection because the disputed information was accurate, and Defendants are required to disclose such information by law. ECF No. 58 at 9-10; ECF No. 59-2 at 5-6.

"The FCRA was enacted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that use accurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-2963, 2017 WL 2691170, at *2 (3d Cir. June 22, 2017). A person acts in violation of 15 U.S.C. § 1681s-2 when he furnishes consumer information that he knows or has reasonable cause to believe is inaccurate. *Taggart v. Nw. Mortg., Inc.*, No. 09-1281, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11, 2010), *aff'd*, 539 F. App'x 42 (3d Cir. 2013). Similarly, accuracy is a threshold element of § 1681e(b) and, accordingly, Plaintiff bears the burden of proving that information was inaccurate. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (stating that "inaccurate information" is a requirement for § 1681e(b) claims). Here, Plaintiff has not sufficiently alleged that the disputed information is inaccurate. While Plaintiff contends that his student loan debts were discharged after the Bankruptcy Court's decision, these debts are presumptively non-dischargeable, as discussed above. Therefore, the information relied upon by Defendants was accurate and Plaintiff's FCRA claims must fail.

### E. Civil Contempt

Finally, Plaintiff asserts that Defendants acted in civil contempt of the January 28, 2013 order of the Honorable Morris Stem of the United States Bankruptcy Court. A court may hold a creditor in civil contempt when the creditor attempts to collect a debt in violation of a bankruptcy discharge order. *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801 (2019). Here, as explained above, Defendants did not act in violation of a bankruptcy discharge order because Plaintiff's student loans were not discharged in Plaintiff's Chapter 7 bankruptcy proceedings. Therefore, Plaintiff has failed to plead sufficient facts to show that Defendants acted in civil contempt.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss is granted and Plaintiff's Second Amended Complaint is dismissed with prejudice as to Counts 1-4 and 6-7. As to Count 5, Plaintiff's Complaint is dismissed without prejudice. If Plaintiff wishes, he may file a third amended complaint within twenty-one (21) days of this Opinion. However, Plaintiff is limited to raising allegations under 15 U.S.C. § 1692d(5) and may only bring such claim against Defendant ECMC. An appropriate Order follows this Opinion.

DATED: September 30, 2019

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ 
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**