NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ,<br><br>      Plaintiff,<br><br> v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION, EXPERIAN, TRANSUNION, and EQUIFAX,<br><br>      Defendants. | Civil Action No.: 16-cv-09225<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiff William F. Kaetz's ("Plaintiff") motion for reconsideration[1] of the Court's September 30, 2019 opinion and order (ECF Nos. 99–100) granting Defendant Educational Credit Management Corporation's ("ECMC") motion to dismiss the second amended complaint (ECF No. 58) and Defendant Equifax Information Services LLC ("Equifax") and Defendant Experian Information Solution Inc.'s ("Experian") joint motion to dismiss the second amended complaint (ECF No. 59). ECF No. 101. Defendants Trans Union LLC ("Trans Union"), Experian, and Equifax jointly opposed (ECF No. 102) and Defendant ECMC also opposed (ECF No. 103) Plaintiff's motion for reconsideration. Plaintiff has replied.

---

[1] Plaintiff's motion is titled "Motion for Clarification and Reconsideration." *See* ECF No. 101. Plaintiff asks for a reconsideration of the dismissal of his second amended complaint pursuant to Rule 59 of the Federal Rules of Civil Procedure. ECF No. 101-2 at 1. Additionally, Plaintiff lists questions for the Court to clarify. *Id.* at 24–26. The purpose of a "motion for clarification is to explain or clarify something ambiguous or vague" in a court order or opinion. *Lynch v. Tropicana Products, Inc.*, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (citations omitted). In this jurisdiction, "[m]otions for clarification are often evaluated under the standard for a motion for reconsideration." *Id.* (citing *Fastware LLC, v. Gold Type Business Machines, Inc.*, 2009 WL 2151753, at *2 (D.N.J. July 14, 2009) and *Nye v. Ingersoll Rand Co.*, 2011 WL 253957, at *3 (D.N.J Jan. 25, 2011)). To the extent Plaintiff is seeking clarification of the opinion, those arguments are addressed herein.

ECF No. 104. The motion is decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons below, Plaintiff's Motion is **DENIED**.[2]

## I. BACKGROUND

Plaintiff requested student aid under the Federal Family Educational Loan Program ("FFEL Program") in September 2007 by signing a Master Promissory Note. ECF No. 59-1 at 2. Plaintiff failed to honor his repayment obligations under the Note, the loans went into default, and the initial loan provider, Citibank, filed a default claim. Id. Defendant ECMC became the designated guaranty agency for Plaintiff's defaulted loans. Id. The U.S. Department of Education created ECMC, which is a not-for-profit corporation "to provide specialized guarantor services pursuant to the [FFEL Program], including accepting transfer of title of certain student loan accounts on which the student loan borrower has filed a bankruptcy proceeding." Id.

Plaintiff filed a voluntary petition for relief in the United States Bankruptcy Court for the District of New Jersey, pursuant to Chapter 7 of the Bankruptcy Code, on August 7, 2012. ECF No. 57 at 2–3. ECMC was listed by Plaintiff as a creditor who held an unsecured non-priority claim in the amount of $15,835.00, which was incurred in July 2010. Id. at 3. The Honorable Morris Stern, United States Bankruptcy Judge, granted Plaintiff "a discharge under section 727 of title 11, United States Code" on January 28, 2013. Id. 11 U.S.C. § 523(a)(8) provides that educational benefits or loans are exempt from discharge under section 727. 11 U.S.C. § 523(A)(i).

On December 13, 2016, Plaintiff brought this consumer credit action alleging that despite the discharge he received on January 28, 2013, ECMC "continued debt collection practices" and

---

[2] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

"furnished fraudulent information to the other defendants." ECF No. 1 at 3. On January 25, 2018 ECMC filed a motion to dismiss. ECF No. 10. On September 11, 2018 the Court granted the motion to dismiss and dismissed the action without prejudice. ECF No. 36. On October 12, 2017 Plaintiff filed an amended complaint. ECF No. 41. On October 24, 2017 Equifax and Experian filed a joint motion to dismiss the amended complaint. ECF No. 42. On November 29, 2017 Plaintiff filed a second amended complaint. ECF No.57. Thereafter, ECMC filed a motion to dismiss the second amended complaint (ECF No. 58) and Equifax and Experian jointly filed a motion to dismiss the second amended complaint (ECF No. 59). On September 30, 2019 the Court granted the motions to dismiss and dismissed the action with prejudice as to counts 1–4 and 6–7, and without prejudice as to count 5. ECF Nos. 99–100. On October 15, 2019 Plaintiff filed a motion for reconsideration (ECF No. 101) to which Defendants opposed (ECF Nos. 102–03) and Plaintiff replied (ECF No. 104).

## II.   LEGAL STANDARD

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate

Judge has overlooked." L. Civ. R. 7.1(i). Moreover, when the assertion is that the Court overlooked something, the Court must have failed to consider some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). A court commits clear error of law "only if the record cannot support the findings that led to [the] ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (citations omitted).

### III. DISCUSSION

Here, Plaintiff has provided no reason to justify reconsideration. Plaintiff does not point to a change in applicable law, new evidence that was not previously available, a clear error of law or fact or manifest injustice from the order. The only support provided by Plaintiff in his motion is the restating of arguments he already made in opposition to the Defendants' motions to dismiss (*Compare* ECF No. 63 *and* ECF No. 64 *with* ECF No. 101), which is inappropriate in a motion for reconsideration. *See United States v. Merola*, No. 08-327, 2008 WL 4449624, at *1 (D.N.J. Sept. 30, 2008) ("The moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision"). Specifically, Plaintiff argues that: (1) it was unnecessary for him to initiate an

4

adversary hearing in his bankruptcy proceedings because the Bankruptcy Court had already acknowledged his indigency; (2) 11 U.S.C. § 523 is unconstitutional; and (3) it is unconstitutional for the United States government to be "in the education and student loan business." *See* ECF No. 101 at 2, 7, 15, 23. These arguments were made in Plaintiff's second amended complaint, addressed in the briefings on the motions to dismiss, and ultimately rejected by the Court. *See* ECF No. 99. Regardless, the Court will address each of these arguments in turn.

First, Plaintiff argues that it was unnecessary to initiate an adversary proceeding because the Bankruptcy Court already had acknowledged his indigency and questions what law requires an individual to file an adversary proceeding to discharge a student loan. The Supreme Court has determined that the Bankruptcy Rules "require a party seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint on affected creditors." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). Plaintiff received a discharge under section 727 of title 11, United States Code. ECF No. 57 at 2–3. 11 U.S.C. § 523 provides, that "[a] discharge under section 727 . . . of this title does not discharge an individual from any debt" for an "educational loan." 11 U.S.C. § 523 (a); 11 U.S.C. § 523 (8)(A)–(B). A proceeding to determine the dischargeability of a debt is an adversary proceeding governed by Rule 7001 of the Federal Rules of Bankruptcy Procedure. Here, Plaintiff does not allege that he commenced an adversary proceeding to determine whether his student loans were dischargeable. Therefore, Plaintiff's debts were not discharged through the bankruptcy proceedings. Accordingly, this argument fails.

Second, although Plaintiff contends that 11 U.S.C. § 523 is unconstitutional, he nevertheless acknowledges in his briefing that the statute itself is not unconstitutional and that the "law is not ambiguous, and it does not need interpretation." *See* ECF No. 57 at 8–11 ("The Statute

5

is fine, its relying on courts and opponents to do what's right does not work."). To the extent Plaintiff is challenging how this section of the Bankruptcy Code, 11 U.S.C. § 523 was applied in his case (*see* ECF No. at 6–7) his contentions are without merit. As discussed above, 11 U.S.C. § 523 provides, that a discharge under section 727 does not discharge an educational loan. 11 U.S.C. § 523 (a); 11 U.S.C. § 523 (8)(A)–(B). The Court finds that, based on Plaintiff's allegations and a review of the underlying bankruptcy order, the statute was properly applied in Plaintiff's proceedings.

Lastly, Plaintiff asserts that it is unconstitutional for the U.S. government to be involved in the education and student loan business. This argument is also without support. The U.S. Constitution gives the Federal government the power to create departments to oversee matters that affect the general welfare of U.S. citizens. U.S. Const. Art. 2. Additionally, Congress has the authority to employ federal funding for educational programs, such as the FFEL Program that was created under the Higher Education Act of 1965 to address the need for financial assistance of students seeking higher education. 20 U.S.C. § 1071. Therefore, Plaintiff's arguments that the student loans were unconstitutional are misplaced.

Accordingly, Plaintiff has not showed that a different outcome is justified.

### IV. CONCLUSION

**IT IS THEREFORE** on this 30th day of June, 2020:

**ORDERED** that Plaintiff's motion for reconsideration, (ECF No. 101), is **DENIED**.

_____
**CLAIRE C. CECCHI, U.S.D.J.**