**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL CREDIT MANAGEMENT CORPORATION, *et al.*, <br><br> Defendants. | No. 16cv9225 (EP) (LDW) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff William F. Kaetz moves: (1) for relief from a judgment entered on September 30, 2019, D.E. 100 ("Order Dismissing SAC"), under Federal Rule of Civil Procedure 60[1](b)(2), (3), and (6), D.E. 160-1 ("Third Rule 60 Motion" or "Third Rule 60 Mot.")[2]; and (2) for summary judgment, D.E. 165 ("Summary Judgment Motion" or "MSJ") (collectively, "Plaintiff's Motions"). Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC, and Educational Credit Management Corp. collectively oppose Plaintiff's Motions. D.E. 163 ("Opposition to Third Rule 60 Motion" or "Rule 60 Opp.") & D.E. 167 ("Opposition to Summary Judgment Motion" or "MSJ Opp."). Defendants also cross-move for an order barring Plaintiff from filing further motions without leave of Court. D.E. 164-1 ("Filing Injunction Motion" or "Filing Injunction Mot.").[3] Plaintiff replies to Defendants' Opposition to

---

[1] Hereinafter, "Rule 60."

[2] For ease of reference, the Court refers to Plaintiff's brief in support of his Third Rule 60 Motion. The notice of motion for the same is at D.E. 160 ("Notice of Third Rule 60 Motion").

[3] For ease of reference, the Court refers to Defendants' brief in support of their Filing Injunction Motion. The notice of motion for the same is at D.E. 164.

Third Rule 60 Motion and opposes Defendants' Filing Injunction Motion. D.E. 166 ("Rule 60 Reply and Filing Injunction Opposition"). Plaintiff also replies to Defendants' Opposition to Summary Judgment Motion, D.E. 168 ("Summary Judgment Motion Reply" or "MSJ Reply"), and submits a notice of intervening precedent for both of Plaintiff's Motions, D.E. 169 ("Notice of Intervening Precedent").

The Court decides Plaintiff's Motions and Defendants' Filing Injunction Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Having considered Plaintiff's Motions and Defendants' Filing Injunction Motion, the accompanying submissions, and all relevant items on the docket, the Court **DENIES** Plaintiff's Motions and **DEFERS** ruling on Defendants' Filing Injunction Motion.

I.   **PROCEDURAL HISTORY**

Because resolution of Defendants' Filing Injunction Motion requires discussion of other actions filed by Plaintiff in this District, the Court first summarizes the procedural history of this action (the "Action"), before turning to the relevant procedural history of Plaintiff's other actions.

   A.   **The Instant Action**

Plaintiff filed this Action on December 13, 2016, seeking relief from actions taken to collect and report his student loan debt. D.E. 1. In his second amended complaint, D.E. 57 ("SAC"), Plaintiff alleged violations of the Fair Debt Collection Act and the Fair Credit Report Act and "challenged, among other things, the constitutionality of 11 U.S.C. § 523(a)(8), which generally excepts student loan debt from a bankruptcy discharge." D.E. 159-2 ("Third Circuit Opinion Affirming D.Es. 143 & 145"), *cert. denied*, 145 S. Ct. 986 (2024), *reh'g denied*, 145 S. Ct. 1322 (2025).

As the Third Circuit helpfully summarized:

> [Judge Cecchi] granted the defendants' motions to dismiss the second amended complaint. [Order Dismissing SAC.] [She] rejected Kaetz's constitutional challenges and ruled that many of his claims failed because their premise – that his student loan debt was discharged in his bankruptcy case – was incorrect. [D.E. 99 ("Opinion Dismissing SAC").] [Judge Cecchi] explained that student loan debt is presumptively nondischargeable under § 523(a)(8), and that Kaetz had not filed an adversary proceeding to determine whether his debt could be discharged. [Judge Cecchi] also denied Kaetz's motion for reconsideration. [D.E. 121 ("Order Denying Reconsideration of Order Dismissing SAC").] [The Third Circuit] affirmed on appeal. *See* C.A. No. 20-2592. ([D.E.] 132-1 ("Third Circuit Opinion Affirming D.E. 121"))
>
> Kaetz then filed a motion to set aside the District Court's judgment pursuant to Federal Rule of Civil Procedure 60(d)(3) based on fraud on the court. He asserted that defendants' counsel committed fraud by relying on dicta in Supreme Court decisions in court filings. He reiterated his claim that § 523(a)(8) is unconstitutional and argued that the statute does not support the District Court's decision. ([D.E.] 133-2 [("First Rule 60 Motion")] ¶¶ 2, 7, 10–11) [Judge McNulty][4] denied relief. [He] found no fraud and noted that Kaetz had repackaged the arguments [the District Court] had previously rejected. ([D.E.] 143 [("Order Denying First Rule 60 Motion")]) [Judge McNulty] also denied Kaetz's motion for reconsideration [D.E. 144 ("Motion for Reconsideration of Denial of First Rule 60 Motion")], which asserted that the Court and the defendants improperly assumed legislative powers in their interpretation of § 523(a)(8). [D.E. 145 ("Order Denying Reconsideration of Denial of First Rule 60 Motion").]

Third Circuit Opinion Affirming D.Es. 143 & 145 at 2–3. On October 15, 2023, four days after Judge McNulty issued his Order Denying Reconsideration of Denial of First Rule 60 Motion, Plaintiff filed another Rule 60 motion, as well as a motion for recusal. D.E. 147 ("Second Rule 60 Motion and Recusal Motion"). The next day, Plaintiff then appealed Judge McNulty's Order Denying First Rule 60 Motion and Judge McNulty's Order Denying Reconsideration of Denial of First Rule 60 Motion. D.E. 150; Third Circuit Opinion Affirming D.Es. 143 & 145 at 3 n.1 (explaining that while Plaintiff "did not identify the order denying reconsideration in . . . [D.E.]

---

[4] The Action was reassigned from Judge Claire C. Cecchi to Judge Kevin McNulty on October 22, 2020. D.E. 127.

150, he attached both of the District Court's orders to his brief as the orders on appeal," and accordingly reviewing both orders).

While Plaintiff's appeal of Judge McNulty's Order Denying First Rule 60 Motion and Judge McNulty's Order Denying Reconsideration of Denial of First Rule 60 Motion was pending, the Action was once again reassigned, this time to the undersigned. D.E. 152. Shortly thereafter, the undersigned denied Plaintiff's Second Rule 60 Motion and Recusal Motion, holding (1) that the Court did not have jurisdiction to consider the Second Rule 60 Motion due to the pending appeal and (2) that the Recusal Motion was moot given that Judge McNulty was no longer assigned to the Action. D.E. 155.

The Third Circuit ultimately, on June 18, 2024, affirmed Judge McNulty's Order Denying First Rule 60 Motion, as well as Judge McNulty's Order Denying Reconsideration of Denial of First Rule 60 Motion, holding that Plaintiff's "disagreement with the District Court's and [the Third Circuit's] earlier decisions d[id] not provide a basis for relief under Rule 60(d)(3)." Third Circuit Opinion Affirming D.Es. 143 & 145 at 2–5.

Plaintiff then challenged the Third Circuit's Opinion Affirming D.Es. 143 & 145 by filing a petition for writ of certiorari, which the Supreme Court denied on December 16, 2024. *Kaetz v. Educ. Credit Mgmt. Corp.*, 145 S. Ct. 986 (2024). The Supreme Court then denied his petition for rehearing on March 3, 2025. 145 S. Ct. 1322 (2025).

Having exhausted his appeals, on May 19, 2025, Plaintiff filed the instant Third Rule 60 Motion, seeking relief from Judge Cecchi's September 30, 2019, Order Dismissing SAC under Rule 60(b)(2), (3), and (6). Defendants filed their Opposition to Third Rule 60 Motion, as well their Filing Injunction Motion, on June 23, 2025. Plaintiff then filed his Summary Judgment Motion, as well as his Rule 60 Reply and Filing Injunction Opposition, on June 25, 2025.

4

Defendants filed their Opposition to Summary Judgment Motion on July 7, 2025. That same day, Plaintiff filed his Summary Judgment Motion Reply. And, finally, Plaintiff filed his Notice of Intervening Precedent applicable to both of Plaintiff's Motions on July 16, 2025.

### B.   Preclusion Order and Other Actions

On July 18, 2023, Chief Judge Renée Marie Bumb ordered that "prior to filing a new suit by Plaintiff, the Clerk of Court shall assign any subsequently filed complaint by Plaintiff to [Chief Judge Bumb] who will serve as a screener to determine if the claims asserted therein are, in fact, frivolous or otherwise related to or duplicative of Plaintiff's pending or already adjudicated claims in this District . . . ." *Kaetz v. United States of America*, No. 23-3377, D.E. 7 ("Preclusion Order").[5] The Third Circuit affirmed the Preclusion Order. *Id.*, D.E. 11-2 ("Third Circuit Opinion Affirming Preclusion Order"). In doing so, the Third Circuit referenced this Action and characterized Plaintiff's litigation history as evincing a "pattern of vexatious litigation," explaining that:

> [w]hen [Chief Judge Bumb] entered [her] filing injunction, Kaetz had filed at least 16 suits in [the District of New Jersey]. In addition to his suits against federal judges, these suits have raised matters as diverse as Kaetz's divorce (D.N.J. Civ. Nos. 2-11-cv-02663 & 2-09-cv-02721), his daughter's detention (D.N.J. Civ. No. 2-18-cv-14782), *his student loans and bankruptcy proceeding (D.N.J. Civ. Nos. 2-16-cv-09225 [the instant Action]*, 2-22-cv-03469 & 2-23-cv-02021), his own criminal matters and detention (D.N.J. Civ. Nos. 2-22-cv-01003 & 2-23-cv-02772), and matters concerning the operation of state and federal governments (D.N.J. Civ. No. 2-19-cv-08100). The defendants in these suits have included Justice Clarence Thomas, numerous other federal judges, state judges, other court personnel, Kaetz's former wife, various detention facilities, various federal agencies (including the FBI, the DOJ and the BOP), probation and police officers, a medical provider, credit reporting bureaus, a loan collection agency, lawyers and law firms, municipalities, and state and federal officials including New Jersey Governor Phil Murphy, Hillary Clinton, and President Obama.
>
> These suits have been uniformly unsuccessful, and many have been frivolous and repetitive. For example, when the court issued its injunction, *Kaetz had filed at least three suits challenging the collection of his student loans[, including the*

---

[5] Because this Action is not a new suit, Plaintiff's Motions do not fall within the ambit of the Preclusion Order.

*instant Action]*, the third of which (D.N.J. Civ. No. 3-23-cv-02021) also named as defendants federal judges who ruled against him in his prior suits.

Third Circuit Opinion Affirming Preclusion Order at 7–8 (emphases added).

The Third Circuit also noted that "the United States Supreme Court too [had] recently entered a filing injunction against Kaetz because he 'repeatedly abused th[at] Court's process.'" *Id.* at 9 n.7 (quoting *Kaetz v. United States*, 144 S. Ct. 2649 (2024)). And, although the Third Circuit had "not initiated proceedings to consider entering a filing injunction of [its] own," it "cautioned" Plaintiff that "continued frivolous and repetitive filings in th[at] [c]ourt could result in sanctions[,] . . . includ[ing] an order restricting his ability to file appeals or other proceedings *in forma pauperis* and a monetary fine coupled with an order restricting his ability to file further proceedings in th[at] [c]ourt until the fine is paid." *Id.*

## II.     THIRD RULE 60 MOTION

Plaintiff moves for relief from Judge Cecchi's Order Dismissing SAC under Rule 60(b)(2), (3), and (6), claiming that the judgment is:

> vitiated by Defendants' fraud on the court, newly discovered evidence, and extraordinary circumstances, including:
>
> 1. Fraudulent Debt Collection and Unconstitutional Agency . . . [,]
> 2. Concealment of Predatory Practices . . . [,]
> 3. Misrepresentation of dicta . . . [,]
> 4. Separation of Powers . . . [,]
> 5. Newly Discovered Evidence Enabled by SuperGrok . . . [, and]
> 6. Extraordinary Circumstances . . . .

Notice of Third Rule 60 Motion at 2–3 (emphases omitted). Because the Court concludes: that Plaintiff's Third Rule 60 Motion is time-barred to the extent it is brought under Rule 60(b)(2) and (3); that—in any event—Plaintiff has not established fraud on the court; and that Plaintiff has similarly failed to show that extraordinary circumstances warrant relief under Rule 60(b)(6), the Court will **DENY** Plaintiff's Third Rule 60 Motion.

Under Rule 60(b):

On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable negligence;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justified relief.

Rule 60(b) does not, however, "confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (citation modified)). As the Third Circuit has made clear, "[t]he exercise of a district court's discretionary power [under Rule 60(b)] requires an extraordinary circumstance." *Id.* at 1347. "[A] showing of extraordinary circumstances," in turn, "involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). It is the movant under Rule 60(b) who bears this "heavy burden." *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

Plaintiff has not carried his heavy burden to establish entitlement to relief under Rule 60(b)(2), (3), or (6).

7

### A. Plaintiff's Motion Under Rule 60(b)(2) and (3) Is Time-Barred

To begin, as Defendants point out, a Rule 60 motion "for reasons (1), (2), and (3)" must be made "no more than a year after the entry of the judgment, order, or the date of the proceeding." Rule 60(c)(1); Rule 60 Opp. at 2 n.1. Plaintiff filed his Third Rule 60 Motion on May 19, 2025—nearly six years after the Order Dismissing SAC was entered on September 30, 2019. *See supra* Section I.A. Of Plaintiff's "six grounds for relief," four are brought under Rule 60(b)(3)—fraud—and one is brought under Rule 60(b)(2)—newly discovered evidence. *See* Third Rule 60 Mot. at 10–33 (explaining that (1) "Defendants' post-bankruptcy collection efforts and reliance on the Department of Education constitute fraud on the court," (2) Defendants "[f]raudulent[ly] [c]onceal[ed] . . . Kaplan's [p]redatory [s]cheme," (3) Defendants committed "[f]raud through [m]isrepresentation of [d]icta as [l]aw," and (4) that the Justice Department's imposition of "an adversary proceeding requirement . . . constitute[es] fraud on the court"); *see id.* at 33–35 (asserting that "[n]ewly discovered evidence from 2025, unavailable during prior proceedings, substantiates Plaintiff's claims" and that "Plaintiff's access to SuperGrok, an advanced artificial intelligence tool . . . , enabled the identification and formatting of this evidence"). Accordingly, five of Plaintiff's six purported grounds for relief are time-barred under Rule 60(c)(1).

### B. In Any Event, Plaintiff Has Not Demonstrated Fraud on the Court

The Court recognizes, however, that this one-year time limit does not apply to *independent actions* alleging fraud on the court. *In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017). While "an independent action alleging fraud upon the court is completely distinct from a motion under Rule 60(b)," *Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005), because Plaintiff is proceeding

8

*pro se*, the Court nevertheless considers—and rejects—Plaintiff's fraud on the court claims to the extent Plaintiff intended to bring an independent action.[6]

For one, Plaintiff's arguments regarding two of his purported grounds for relief—(1) that the Defendants allegedly "misrepresented non-binding dicta from [two Supreme Court cases] as binding law" in support of their view that 11 U.S.C. § 523(a)(8) "requires an adversary proceeding to discharge student loan debt" and (2) that the "Justice Department has relied on [that] dicta . . . to impose an adversary proceeding requirement," Third Rule 60 Mot. at 26–33—are precisely those that this Court and the Third Circuit have repeatedly rejected over the past six years. *See* Opinion Dismissing SAC at 6–7; Order Denying Reconsideration of Order Dismissing SAC at 4–6; Third Circuit Opinion Affirming D.E. 121 at 5; Order Denying First Rule 60 Motion at 2; Order Denying Reconsideration of Denial of First Rule 60 Motion at 1; Third Circuit Opinion Affirming D.Es. 143 & 145 at 3–4. The undersigned agrees with each of the previous judges who have considered this issue and holds that Plaintiff has not shown that any of his arguments related to 11 U.S.C. § 523(a)(8) and the adversary proceeding requirement for the discharge of student loan debt demonstrate fraud on the court.

The Court further finds that Plaintiff has not established fraud on the court related to the constitutionality of the Department of Education. Once again, this Court has previously rejected Plaintiff's arguments that the Department of Education is unconstitutional. Opinion Dismissing SAC at 5; Order Denying Reconsideration of Order Dismissing SAC at 6. And neither Plaintiff's (1) twelve pages of summaries of "quotes from the Framers . . . , drawn from their authoritative

---

[6] Fraud on the court "must be intentional, committed by an officer of the court, and directed at the court itself. Fraud on the court requires 'egregious misconduct' and 'clear, unequivocal and convincing evidence,' and must have actually deceived the court." Third Circuit Opinion Affirming D.Es. 143 & 145 at 4 (citing *Bressman*, 874 F.3d at 150).

9

writings and accessed via SuperGrok's research capabilities," Third Rule 60 Mot. at 11–18, 21–24; nor his (2) references to more recent sources, such as a Department of Government Efficiency Report or recent executive order, *id.* at 19, 92–96;[7] nor his (3) Notice of Intervening Precedent discussing the Supreme Court's stay of an "injunction that had required reinstatement of nearly 1,400 [Department of Education] employees"[8] compel a different conclusion. Plaintiff's disagreement with this Court's earlier decisions does not establish fraud on the court, nor is Plaintiff's belief that the Department of Education is unconstitutional sufficient to establish by clear and convincing evidence that any officer of the court deceived the court or engaged in egregious misconduct. *See* Third Circuit Opinion Affirming D.Es. 143 & 145 at 4.

Plaintiff's final fraud-based ground for relief also fails. Plaintiff argues that "Defendants concealed Kaplan University's $4 billion fraudulent scheme, which induced Plaintiff's loan, thereby inducing judicial error." Third Rule 60 Mot. at 25. In support of that argument, Plaintiff baldly asserts that "Defendants withheld . . . evidence" regarding Kaplan's misconduct and cites a New York Times article from March 25, 2025, reporting Kaplan's "predatory practices" and a press release from the U.S. Attorney's Office of the Western District of Texas announcing

---

[7] Plaintiff's own collection of "Department of Government Efficiency Actions at U.S. Department of Education," which was "prepared by Grok," clarifies that its "analysis finds no DOGE report, website content, or public record . . . referencing $1.7 trillion in fraudulent student debt or $776.3 million tied to Kaplan fraud allegations. The $1.7 trillion figure approximates the total U.S. student loan debt as of 2025 but is not classified as fraudulent by DOGE or ED. Kaplan's historical fraud allegations . . . are unrelated to DOGE's 2025 actions. These claims lack support in doge.gov, X posts, or news reports." *Id.* at 94–95. This collection directly contradicts Plaintiff's statement in his brief that the "2025 DOGE Report documents $1.7 trillion in fraudulent debt, including $776.3 million tied to Kaplan, showing the Department [of Education]'s spending fuels misconduct, not welfare." *Id.* at 25.

[8] The Supreme Court did not, in this order, consider or discuss the constitutionality of the Department of Education, much less find it unconstitutional. *See Trump v. Am. Fed'n of Gov't Emps.*, 145 S. Ct. 2635 (2025).

"Kaplan's settlement for fraudulent practices." *Id.* at 25–26. These citations and Plaintiff's unsubstantiated broad and bald assertion that Defendants withheld evidence from the Court "leading to [an] erroneous dismissal[] in 2019" do not establish that Defendants were actually in possession of any evidence regarding Kaplan's "misconduct" in 2019 (or at any time), that counsel for Defendants intentionally misrepresented that evidence to the Court, or that the Court was in fact deceived by any misrepresentation. *See* Third Circuit Opinion Affirming D.Es. 143 & 145 at 4. Plaintiff does not even articulate the relevance of this purported misrepresentation or how it possibly could have led to the purportedly "erroneous dismissal" of his SAC in 2019.

Plaintiff has therefore failed to establish fraud on the court with respect to Kaplan's "predatory scheme," the constitutionality of Department of Education, or 11 U.S.C. § 523(a)(8) and the adversary proceeding requirement for the discharge of student loan debt.

### C. Plaintiff Has Not Established Any Extraordinary Circumstances Warranting Relief

Plaintiff's final argument—that "[e]xtraordinary circumstances justify relief under Rule 60(b)(6)," Third Rule 60 Mot. at 35—is also meritless.

First of all, Plaintiff's assertion that "[j]udicial reliance on non-binding dicta," "Justice Thomas's jurisprudential shift in *Gundy* and *Gamble*, rejecting legislative history and erroneous precedents,"[9] and "[t]he advent of SuperGrok in 2025, enabling Plaintiff to uncover constitutional texts and 2025 evidence previously inaccessible due to technological and financial constraints" constitute "extraordinary circumstances" warranting relief is simply a repackaging of the fraud grounds for relief the Court rejected *supra* Section II.B and the newly discovered evidence ground for relief under Rule 60(b)(2) the Court rejected as time barred *supra* Section II.A. As the Supreme

---

[9] The Court also notes that, even if Plaintiff had established a change in law, "a change in law subsequent to the challenged order rarely justifies Rule 60(b)(6) relief." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997)).

11

Court has explained, "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs. Were it otherwise, the catchall provision could swallow the preceding paragraphs and 'b[e] used to circumvent' their time bars." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). The Court will not permit Plaintiff to circumvent the time bar applicable to Rule 60(b)(2) and (3), nor take a second bite at the apple.

Plaintiff also argues that his "indigence . . . precluding legal representation" and "*pro se* status" are "extraordinary circumstances" warranting relief. Third Rule 60 Mot. at 35. While the Third Circuit has suggested that "it might be appropriate under some circumstances to grant relief from the district court's order or judgment under Rule 60(b)(6)" "if a *pro se* litigant did not understand that errors committed by the district court could be reviewed on appeal," *Martinez-McBean*, 562 F.2d at 913, this is not such a case. As in *Martinez-McBean*, "it is quite evident that [Plaintiff] appreciates the function of an appeal and the procedures which must be followed in order to take advantage of that right." *Id.* And, unlike in *Martinez-McBean*, the issue here is not that Plaintiff failed to timely appeal an order and is now moving for relief under Rule 60(b)(6). *See id.* Indeed, Plaintiff first moved to reconsider the Order Dismissing SAC, then appealed that denial of his motion to reconsider, and then filed his First Rule 60 Motion, and then moved to reconsider the denial of his First Rule 60 Motion, and then appealed that denial of his motion to reconsider the denial of his First Rule 60 Motion, and then filed a Second Rule 60 Motion (which was denied because the appeal of his First Rule 60 Motion was pending), and then appealed to the Supreme Court the denial of his motion to reconsider the denial of his First Rule 60 Motion, and then petitioned for rehearing of the denial of his petition for writ of certiorari, and then filed the instant Third Rule 60 Motion. *See supra* Section I.A. Plaintiff is therefore aptly described as a

12

"*pro se* petitioner par excellence," which cuts against a finding of extraordinary circumstances related to Plaintiff's *pro se* status. *Martinez-McBean*, 562 F.2d at 912. And, as the Third Circuit concluded in *Martinez-McBean*, Plaintiff has therefore failed to adduce "sufficient evidence of circumstances so exceptional that our overriding interest in the finality and repose of judgments may properly be overcome." *Id.* at 913 (quoting *Mayberry*, 558 F.2d at 1164);[10] *see also Mitchell v. Fuentes*, 761 F. App'x 109, 112 (3d Cir. 2019) (rejecting *pro se* plaintiff's arguments that "his lack of legal education, his inability to access computerized legal research programs, and [his prior counsel's] failure to communicate the termination of the case and abandonment of the appeal, amount to 'extraordinary circumstances' warranting Rule 60(b)(6) relief" in affirming district court's denial of Rule 60(b)(6) relief).

For the foregoing reasons, Plaintiff has failed to establish his entitlement to relief under Rule 60(b)(2), (3), or (6), and the Court will accordingly **DENY** his Third Rule 60 Motion.

## III. SUMMARY JUDGMENT MOTION

Because, as explained *supra* Section II, the Court denies Plaintiff's Third Rule 60 Motion, Judge Cecchi's Order Dismissing SAC remains in force and there is no operative complaint in this Action. The Court will therefore **DENY** Plaintiff's Summary Judgment Motion as moot. *See, e.g.*, *Anderson v. Kauffman*, No. 22-226, 2023 WL 1805837, at *7 (M.D. Pa. Feb. 7, 2023) (denying summary judgment motion as moot after granting defendants' motion to dismiss).

---

[10] While motions for relief brought under Rule 60(b)(6) are not subject to the same one-year time limit as Rule 60(b)(2) and (3), they must still be made "within a reasonable time." Rule 60(c)(1). Given that nearly six years have passed since the Order Dismissing SAC was entered, the Court notes that even if it were "convinced that this case involved 'extraordinary circumstances and that the record contained sufficient evidence thereof,' [it] would still have serious doubts as to whether there had been compliance with the 'reasonable time' requirement applicable to Rule 60(b)(6)." *Id.* at 913 n.7 (doubting that Rule 60(b)(6) relief granted "two and one-half years after the entry of [the court's] previous order" would comply with that requirement).

## IV.   FILING INJUNCTION MOTION

Defendants cross-move for an order barring Plaintiff from filing any further motions in this Action without leave of Court. Filing Injunction Mot. at 3. The Court agrees that such an injunction is warranted here but will provide Plaintiff with an opportunity to show cause as to why such a pre-filing injunction should not issue before imposing one. The Court therefore **DEFERS** ruling on Defendants' Filing Injunction Motion.

"[A] district court has authority to require court permission for all subsequent filings" from a "vexatious litigant." *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). As the Third Circuit explained in its Opinion Affirming Preclusion Order:

> District courts can impose filing injunctions against a litigant to curb "the litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Before doing so, courts must provide the litigant with notice and a chance to respond and then must "narrowly tailor[]" the injunction "to fit the particular circumstances of the case before the District Court."

*Id.* (quoting *Brow v. Farelly*, 994 F.2d 1027, 1032 (3d Cir. 1993)).

Chief Judge Bumb has already determined that Plaintiff is a vexatious litigant and that Plaintiff has "continuous[ly] abuse[d] . . . the judicial process by filing meritless and repetitive actions." *Kaetz v. United States of America*, No. 23-3377, D.E. 4 ("Opinion Accompanying Preclusion Order"). After giving Plaintiff a chance to show cause why a filing injunction should not issue, Chief Judge Bumb entered a filing injunction requiring "the Clerk of Court [to] assign any subsequently filed complaint by Plaintiff to [Chief Judge Bumb] who will serve as a screener to determine if the claims asserted therein are, in fact, frivolous or otherwise related to or duplicative of Plaintiff's pending or already adjudicated claims in this District . . . ." Preclusion Order. The Third Circuit affirmed the Preclusion Order, explaining that it was "readily apparent

14

why [Chief Judge Bumb] concluded that an . . . injunction was necessary to curb [Plaintiff's] continuing vexatious litigation." Third Circuit Opinion Affirming Preclusion Order at 8.[11]

Here, the Court finds that Plaintiff's continuous abuse of the judicial process in this District extends beyond his filing of new actions to his filing of repetitive and frivolous motions in this Action. As set forth *supra* Section I.A, Plaintiff has repeatedly attempted to relitigate the Order Dismissing SAC entered in September of 2019. He has moved to reconsider the Order Dismissing SAC, then appealed that denial of his motion to reconsider, and then filed his First Rule 60 Motion, and then moved to reconsider the denial of his First Rule 60 Motion, and then appealed that denial of his motion to reconsider the denial of his First Rule 60 Motion, and then filed a Second Rule 60 Motion (which was denied because the appeal of his First Rule 60 Motion was pending), and then appealed to the Supreme Court the denial of his motion to reconsider the denial of his First Rule 60 Motion, and then petitioned for rehearing of the denial of his petition for writ of certiorari, and then filed the instant Third Rule 60 Motion. He has also moved for summary judgment while his Third Rule 60 Motion was already pending. *See* Summary Judgment Motion. In filing these motions, he has repeatedly advanced the same losing arguments repeatedly rejected by this Court and the Third Circuit. *See supra* Section II.B.

The undersigned therefore intends to enter a pre-filing injunction prohibiting Plaintiff from filing or causing to be filed any pleading, motion, or other paper in this Action without first obtaining leave of Court. *See, e.g.*, *Mina v. U.S. Dist. Ct. for E. Dist. of Pennsylvania*, No. 16-1013, 2016 WL 11638297, at *1 (E.D. Pa. Sept. 8, 2016) (imposing same pre-filing injunction), *aff'd*, 710 F. App'x 515 (3d Cir. 2017).

---

[11] As noted *supra* Section I.B, the Supreme Court has also entered a filing injunction against Plaintiff for "repeatedly abusing [that] [c]ourt's process." *Kaetz*, 144 S. Ct. 2649.

This injunction is narrowly tailored to the circumstances of the case, "as [Plaintiff] continues to file various improper motions . . . , and the injunction is limited to filings in this particular case." *See Rumanek v. Fallon*, No. 22-2020, 2022 WL 16707070, at *2 (3d Cir. Nov. 4, 2022) (affirming district court's filing injunction prohibiting plaintiff from making any further filings in the action).

While Plaintiff has already responded to Defendant's Filing Injunction Motion,[12] the Court will nevertheless—out of an abundance of caution—provide Plaintiff with the opportunity to "show cause why the proposed injunctive relief should not issue," *Brow*, 994 F.2d at 1038, and will therefore **DEFER** ruling on Defendants' Filing Injunction Motion until Plaintiff has had such an opportunity.

## V.     CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this 29th day of December, 2025,

**ORDERED** that Plaintiff's Third Rule 60 Motion, D.E. 160, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Summary Judgment Motion, D.E. 165, is **DENIED**; and it is further

**ORDERED** that Plaintiff shall, within **21 days** of this Order, **SHOW CAUSE** by filing a written submission on the docket of no more than **five pages** as to why a pre-filing injunction prohibiting Plaintiff from filing or causing to be filed any pleading, motion, or other paper in this Action, No. 16-9225, without first obtaining leave of Court should not issue; and it is further

---

[12] *See* MSJ Reply at 4–5; Rule 60 Reply and Filing Injunction Opposition at 4. Plaintiff's general response therein that a filing injunction would violate his First Amendment right to petition is unavailing.

**ORDERED** that the Court **DEFERS** ruling on Defendants' Filing Injunction Motion, D.E. 164, until Plaintiff has responded to the aforementioned order to show cause; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff.

/s/ Evelyn Padin<br>
Evelyn Padin, U.S.D.J.